**IN THE DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| CAMACHO FAMILY PARTNERSHIP d/b/a "DIRT DOKTOR," <br><br> Plaintiff, <br><br> v. <br><br> PATRICIAL I. ROMERO, INC., <br><br> Defendant/Counterclaim Plaintiff, <br><br> AND ALL RELATED ACTIONS. | CIVIL CASE NO. 13-00026 (lead case) <br><br> **ORDER ON MOTION TO ALTER OR AMEND JUDGMENT** |

Before the Court is Plaintiff Camacho Family Partnership ("Dirt Doktor") and its surety First Net's Motions and Supporting Memorandum for Clarification and Alteration or Amendment of Judgment ("Motion," Apr. 12, 2018, ECF No. 223). The Motion was timely filed within 28 days of the entry of judgment on March 22, 2018. (Notice of Entry of Order, ECF No. 222.) Defendants Patricia I. Romero, Inc. ("Pacific West Builders" or "PWB") and its surety Travelers Casualty & Surety Company ("Travelers") have filed an Opposition (May 2, 2018, ECF No. 224), and Plaintiff has filed a Reply Brief (May 11, 2018, ECF No. 225). The Court decides the Motion on the papers and GRANTS the Motion in part and DENIES it in part.

Under Rule 59(e) of the Federal Rules of Civil Procedure, "it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,* 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland,* 255 F.3d 734,

740 (9th Cir. 2001)). The ground on which Plaintiff moves for alteration or amendment of judgment is clear error. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark County School Dist.,* 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364 (1948)). Furthermore, under Rule 60(a), a court may "clarify a judgment in order to correct a failure to memorialize part of its decision" and "to ensure that the court's purpose is fully implemented." *Tattersalls, Ltd. v. DeHaven,* 745 F.3d 1294, 1298 (9th Cir. 2014) (quoting *Garamending v. Henin,* 683 F.3d 1069, 1079 (9th Cir. 2012)).

Plaintiff asserts the judgment needs seven amendments or clarifications. The Court will address each in turn.

1. *That Plaintiff is entitled to a judgment against PWB's surety Travelers.* PWB/Travelers agrees. (Opp. 2.) In paragraph 3(g) of the Pretrial Order (Apr. 21, 2017, ECF No. 163), the Court determined that "Travelers is jointly and severally liable with PWB (up to the maximum total penal sum of the bond) for any breach of contract damages sustained by Dirt Doktor to the extent that those damages represent PWB's failure to pay Dirt Doktor for labor and materials. The parties stipulate and agree that any verdict in favor of Dirt Doktor and against PWB for breach of contract damages shall also be against Travelers for the same amount and to the same extent as the verdict against PWB up to a maximum of the total penal sum of the applicable bonds." Therefore, as to the first issue, the Court GRANTS the Motion.

2. *That Counterclaim Defendant First Net Insurance Company ("First Net") is entitled to a judgment of dismissal of PWB's counterclaim on Plaintiff's performance bond.* PWB/Travelers agrees. (Opp. 2.) This is consistent with the seventh conclusion in the

2

Order on Post-Trial Motions. (Mar. 21, 2018, ECF No. 219.) Therefore, as to the second issue, the Court GRANTS the Motion.

3. *That the award of post-judgment interest to PWB should be clarified.* PWB/Travelers agrees that "Paragraph 4 of the Judgment should reflect that post-judgment interest accrues only as to the 'net' money judgment in favor of Dirt Doktor." (Opp. 2.) Dirt Doktor does not object to this formulation. (Reply 1.) Therefore, as to the third issue, the Court GRANTS the Motion.

4. *That the awards of $99,343.98 and $56,478.63 to Dirt Doktor were not pre-judgment interest.* PWB/Travelers agrees, but further clarifies that "the $99,343.98 and $56,478.63 amounts reflect the portion of the $733,020.55 amount from Paragraph 1 [of the Judgment] on which the prejudgment interest accrues, those amounts are not separate or additional principal amounts awarded." (Opp. 2.) Dirt Doktor does not object to this clarification. (Reply 1.) Therefore, as to the fourth issue, the Court GRANTS the Motion.

5. *That the net judgment amount should be clarified.* The parties agree that the net judgment amount should be expressed in the Judgment, but disagree on the amount. Consistent with the determination of the fourth issue, the Court agrees with PWB/Travelers that the $99,343.98 and $56,478.63 on which prejudgment interest accrues are included in the $733,020.55 damage award to Dirt Doktor. Therefore, as to the fifth issue, the Court GRANTS the Motion. However, before determining the net judgment amount, Dirt Doktor's sixth exception to the Judgment must be considered

6. *That the Court should clarify its reasons for deducting a contingent liability for liquidated damages against Dirt Doktor's $733,020.55.* This request goes beyond the scope of clarification under Rule 60 in that it invites the Court to change its mind – an exercise

3

reserved for Rule 59, and only when there is new evidence, new law, or clear error. "The history of Rule 59(e) shows that 'alter or amend' means a substantive change of mind by the court. In contrast, a court's failure to memorialize part of its decision is a clerical error." *See Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir. 1983) (internal citations omitted). The Court finds that it clearly erred in deducting the $330,525 contingent liability for liquidated damages from the net money judgment in favor of Dirt Doktor (for labor and materials) and subject to prejudgment interest. The Court agrees with Dirt Doktor that these moneys were due seven days after PWB received payment from the Navy. Because the Navy has not yet assessed liquidated damages, any offset for them is speculative. As PWB stated in its motion to amend its counterclaim to include a declaratory judgment regarding liquidated damages, "it is premature for PWB to seek specific damages based on a claim that is under appeal. The solution, consistent with the REA ruling and the presentation of evidence, is to have PWB's right to damages from Dirt Doktor based on any Liquidated Damages imposed by the Government, decided as a declaration of the parties' respective rights under the Red Horse Subcontract." (*See* Motion to Amend 2, ECF No. 172.) For these reasons, as to the sixth issue, the Motion is GRANTED. The net judgment amount, therefore, is calculated as follows:

> **$733,020.55** (Judgment for DD) - **$246,672.94** (Judgment for PWB) + **$71,520.04** (interest at 6% per annum on $258,054.71 running from August 9, 2013 to March 22, 2018) + **$11,964.60** (interest at 6% per annum on $45,433.60 running from November 1, 2013) + **$32,429.62** (interest at 6% per annum on $126,380.66 running from December 12, 2013) + **$14,279.04** (interest at 6% per annum on $56,478.64 running from January 4, 2014) = **$616,540.91**[1]

7. *That the Court's finding implicit in ¶ 5 of the Judgment regarding Dirt Doktor's liability, if any, for liquidated damages is clearly erroneous.* The Court does not perceive clear error

---

[1] Calculated using simple interest calculators at www.hardwicke.co.uk/insights/simple-interest-calculator.

4

in its statement that the jury determined liquidated damages on PWB's declaratory relief claim. For that reason, as to the seventh issue, the Motion is DENIED.

An amended judgment will issue consistent with this Order.

SO ORDERED: June 18, 2018

_____
RAMONA V. MANGLONA, Chief Judge,
District for the Northern Mariana Islands,
sitting by designation